| | |
|---|---|
| James B. Skelton, | ) C/A No. 3:10-1888-MBS-RSC |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Daniel R. Eckstrom, *Lexington County Probate Court*, | ) |
| Defendant. | ) |

## Background of this Case

James B. Skelton, proceeding *pro se*, brings this civil action against the Honorable Daniel Eckstrom, who is the Probate Judge for Lexington County. The plaintiff resides at RAPHA Residential Care in Gaston, South Carolina.

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges that he is a "prisoner of the probate system[.]" The plaintiff also alleges that he is competent to handle his affairs. The plaintiff contends that Judge Eckstrom "committed professional malpractice and a miscarriage of justice" when he appointed a conservator for the plaintiff on July 24, 2003, in *Successor Conservatorship Petition for James Bennie Skelton*, Case

1

No. 1999-GC-32-00038. A copy of Judge Eckstrom's Order appears at Entry No. 1-1, at page 1. Included with the plaintiff exhibits is an internet article discussing nationwide abuses by court-appointed guardians. It appears that the plaintiff printed or downloaded the article from www.victimsofguardians.net on July 14, 2010.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to

3

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Probate Court for Lexington County is a court in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-876 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

Probate Judges, such as Judge Eckstrom, are judges in the State of South Carolina's unified judicial system. *See In re Former Newberry County Associate Probate Judge Allen*, 385 S.C. 506, 685 S.E.2d 612 (2009); *In re Anonymous Former Probate Judge*, 358 S.C. 1, 594 S.E.2d 473 (2004); *In the Matter of Brown*, 334 S.C. 44, 512 S.E.2d 114 (1999); *In the Matter of Johnson*, 302 S.C. 532, 397 S.E.2d 522 (1990); and *In the Matter of Parker*, 313 S.C. 47, 437 S.E.2d 37 (1993).

4

Since Judge Eckstrom was acting in his official capacity as a Probate Judge when he entered his Order on July 24, 2010, he is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

In his prayer for relief, the plaintiff seeks "release from the probate rolls" and a court order directing that his assets be returned to him. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final

5

determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).³ This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman, supra,* 460 U.S. at 484-486, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The *Rooker-Feldman* doctrine also applies even if

---

³In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

6

the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). See also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and *Robart Wood & Wire Products v. Namaco Industries, Inc.*, 797 F.2d 176, 178 (4th Cir. 1986).

Thus, the plaintiff may not use a civil rights action to challenge the determinations or rulings of state courts, such as the Probate Court for Lexington County. See *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986), where a *pro se* plaintiff brought a § 1983 action against his ex-wife, her attorney, and the judge who presided over the divorce action. The United States Court of Appeals for the Fifth Circuit held that characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by filing complaints in lower federal courts "cast in the form" of civil rights suits. See also *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory

authority over state courts). *Accord Hagerty v. Succession of Clement*, 749 F.2d 217, 219-220 (5th Cir. 1984)(collecting cases); *Kansas Association of Public Employees v. Kansas*, 737 F. Supp. 1153, 1154 (D. Kan. 1990).

This principle was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)(*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006). Applying these recent holdings to the above-captioned matter, the plaintiff has now filed suit in federal district court seeking redress for injuries allegedly caused by the state court's decision itself. Thus, plaintiff's claim against Judge Eckstrom is also barred by the *Rooker-Feldman* doctrine.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is

frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

July 28, 2010  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).